UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BRAGG,

        Plaintiff,

Case No. 1:12-cv-917

Hon. Robert J. Jonker

v.

CORIZON CORP., *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants Corizon Health, Inc., Dr. Adam Edelman, Dr. Isaac Alexis, Dr. Lynn Larson, Rashed Bashir, and Matthew Payne, PA's Motion to dismiss or for summary judgment (docket no. 17) and plaintiff's motion for default judgment as to defendants Shen Anseri, M.D. and Abilash Makkar, M.D. (docket no. 25).

    **I.**    **Plaintiff's complaint**

Plaintiff commenced this action by filing a civil rights complaint. Given the brevity of his complaint, the court will reproduce the three paragraphs of allegations below (in his words):

> 1.    I was placed in Duane L. Waters Health Center (DWHC) because I have a heart condition with a pace maker. I was put under the care of N.P. McKarr. While under his care I had chest pains and was sent to Allegiance Hospital in Jackson, Michigan and my Cardiologist but in a request to have a heart Cath done and Dr. Adam Edelman with Corizon Corp. deined this request. I was then sent back to (DWHC) and was seen by both Dr. Isaac Alexis & Dr. Shen Anseri and was told that they where the doctors who made the requst for follow ups and that they where not going to have any more test done. As I was on my way to court from DWHC I had chest pains again and I was takin to St. Joe's Hospital in Ann Arbor and they requested to do a heart cath and once again Dr. Adam Edelman refused it and the Cardiologist at St. Joe's said that he would do it anyway and did so and found blockage in my heart. I was then sent back to (DWHC) and was kept there for

almost a year with nothing else being done. I feel that this Cruel and Unusel Punshment under the eight amendment.

2. I was Moved to C-Unit an annax of DWHC and P.A. Matt Payne told me that Dr. Larson has taken away some of his medications and that he is taking away his heart medication. I have the following medical issues: Head Injury, Hemipresus, Clinical Depression, Asthma along with the ubove heart condition Congestive Heart Failuer. I was on the following medications: Tenormin, Vasotec, Paxil, and Prozac. Dr. Adam Edelman and Corizon felt that to save money that they would cut my medications in half to see how that would work.

3. Last I have a Defibrillator / Pace Maker an I am to have it checked at least once every three months to make sure it is set right and they can get a reading to see if I had any problems. Dr. Barsheer has told me he will not put in a request for this do to it takes the time of a officer to take me to Michigan Heart in Ann Arbor and that the state is trying to save money.

Compl. at pp. 2-3 (docket no. 1). Plaintiff seeks the following relief: have the defendant medical staff reviewed by the state medical board and if necessary have their licenses removed; be placed on "the right medication" and "get the treatment I need"; and punitive and compensatory damages in the amount of $50,000,000.00. *Id.* at p. 3.

Defendants Corizon Health, Inc., Edelman, Alexis, Larson, Bashir [named as Barsheer], and Payne have moved to dismiss or for summary judgment. Defendant Abilash Makkar [named as N.P. McKarr] has filed a separate motion to dismiss or for summary judgment which is not yet ripe for decision. See Motion (docket no. 29). Defendant Shen Anseri has not yet been served. *See* Third Waiver of Service (unexecuted) (docket no. 26).

## II. Defendants' motions for summary judgment

### A. Legal standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468

U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is

3

not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Failure to Exhaust

#### 1. Exhaustion requirement

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

#### 2. MDOC Grievance process

4

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3. **Plaintiff failed to file any grievances**

Defendants have presented the affidavit of Richard D. Russell, Manager of the Grievance Section of the Michigan Department of Corrections (MDOC). *See* Russell Aff. (docket no. 17-2). In his affidavit, Mr. Russell states:

> I have caused a search of the database relevant to Step III grievance appeals filed by plaintiff, Kenneth Brag, inmate no. 247455, since 1999, and found no grievance filed at Step III. *See* Grievance Report attached as Exhibit "2" to this Affidavit.

Russell Aff. at ¶ 12. In his response, plaintiff does not contest this factual determination. Rather, plaintiff erroneously contends that he does not have to exhaust administrative remedies when filing *pro se.* In his words, "Defendants attorneys claim that the Plaintiff did not Exhaust his administrative remedies is not a fact when filing Pro Se." Plaintiff's Response at p. 5 (docket no. 18). In reaching this conclusion, plaintiff confuses his situation with the situation presented in *Jones*, 549 U.S. 199, in which court determined "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. While plaintiff is not required to demonstrate exhaustion *in his complaint*, defendants can seek summary judgment on the affirmative defense that he failed to exhaust his administrative remedies. *See, e.g., Peterson v. Cooper*, 463 Fed. Appx. 528, 529-30 (6th Cir. 2012) ("[s]ummary judgment is appropriate if the defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion") (internal quotation marks omitted). Based on this record, it is undisputed that plaintiff did not properly exhaust a grievance against defendants Corizon Health, Inc., Edelman, Alexis, Larson, Bashir or Payne. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Accordingly, defendants' motion for summary judgment (docket no. 17) should be granted.

### III. Defendant Shen Anseri

As discussed, defendant Anseri has not been served with a summons and complaint in this matter. Nevertheless, under the circumstances of this case, defendant Anseri should be granted summary judgment on the same grounds as the movants. "Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same

6

as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues." *Moore v. Thomas*, 653 F.Supp.2d 984, 1003 (N.D. Cal. 2009). "[N]o principle forbids a court to notice that [] a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir.1994). *See Laubach v. Scibana*, No. CIV-05-1294-F, 2008 WL 281545 at *12 (W.D. Okla. Jan. 31, 2008) (meritorious affirmative defenses asserted by defendants were "equally applicable to the claims against the unresponsive and unserved defendants" and formed the basis to dismiss the unserved defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Blake v. McCormick*, No. 5:06-cv-273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007) (a successful affirmative defense of lack of exhaustion raised by defendants served in a prisoner civil rights case "inures to the benefit of any unserved or defaulting defendants"); *Day v. Office of Cook County Sheriff*, No. 2000 C 2529, 2001 WL 561362 at *3 (N.D. Ill. May 21, 2001) (defendant's meritorious defense of qualified immunity applied to other "yet-unserved defendants" who could raise the same defense). *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[s]everal courts have held that where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant'") ( quoting *United States v. Peerless Insurance Company*, 374 F.2d 942, 945 (4th Cir. 1967)).

The controlling issue in defendants' pending motions for summary judgment is lack of exhaustion of administrative remedies. Defendants Corizon Health, Inc., Edelman, Alexis, Larson, Bashir and Payne have presented uncontested evidence which established that plaintiff did not properly exhaust *any* grievance prior to filing this lawsuit. The defense of lack of exhaustion raised by these defendants inures to the benefit of the unserved defendant, Anseri. This defense,

7

which has been fully briefed, is applicable to plaintiff's claims against Anseri, is bound to be raised by Anseri, and for the reasons discussed in § II is certain to succeed when raised because plaintiff did not properly exhaust any grievance prior to filing this lawsuit. *See Buckley*, 20 F.3d at 793; *Moore*, 653 F.Supp.2d at 1003. *See e.g., Chambers v. Michigan*, No. 1:11-cv-24, 2012 WL 718931 at *7-*8 (W.D. Mich. Jan. 12, 2012), adopted in 2012 WL 718912 (W.D. Mich. March 5, 2012) (where plaintiff's lawsuit alleged that five defendants used excessive force against him on August 16, 2010, and four of the defendants were granted summary judgment for lack of exhaustion with respect to the incident, their successful defense inured to the benefit of the fifth unserved defendant who was allegedly involved in the same incident). Accordingly, the court should grant summary judgment in favor of defendant Anseri for lack of exhaustion.

### IV. Plaintiff's motion for default judgment

On February 28 2013, plaintiff moved for a default judgment against defendants Makkar and Anseri. Plaintiff's motion is without merit. Entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Plaintiff's motion for default judgment is premature because the Clerk's office has not entered a default against either defendant Makkar or defendant Anseri pursuant to Fed. R. Civ. P. 55(a). Indeed, the Clerk's Office could not enter a default, because neither defendant Makkar nor defendant Anseri had been served with a complaint when plaintiff filed his motion. *See* Waiver of Service (executed on April 19, 2013) (docket no. 28); Third Waiver of Service (unexecuted) (docket no. 26). Accordingly, plaintiff's motion for default judgment (docket no. 25) should be denied.

### V. Recommendation

For the reasons set forth above, I respectfully recommend that the motion for summary judgment filed by defendants Corizon Health, Inc., Dr. Adam Edelman, Dr. Isaac Alexis, Dr. Lynn Larson, Rashed Bashir, and Matthew Payne, PA (docket no. 17) be **GRANTED**.

I further recommend that the unserved defendant, Dr. Shen Anseri, be **GRANTED** summary judgment on the same grounds as the six defendants listed above.

I further recommend that plaintiff's motion for default judgment (docket no. 25) be **DENIED**.

Dated: June 11, 2013 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).